IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

GEORGE C. SHUMATE, INC.

Defendant.

Civil Action No.:

COMPLAINT

JURY TRIAL DEMAND

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Monique Ingram and the other similarly situated female employees, who were adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that the male president and owner of George C. Shumate, Inc. ("Defendant"), harassed Ingram and other similarly situated female employees because of their sex, female. The Commission further alleges that Defendant discharged Ingram in retaliation for complaining about Defendant's sexually hostile work environment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and

(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(A)(1).

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Western District of Virginia, Lynchburg Division.

PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C., Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Virginia corporation doing business in the State of Virginia, and the City of Lexington, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Monique Ingram filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

7. From around November 2005 and continuing until at least January 2007, Defendant engaged in unlawful employment practices at its Lexington, Virginia facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

  a. From around November 2005, until around January 2006, Defendant's president/owner made sexual comments to Ingram, such as discussing his sexual relations with his wife; telling Ingram that he could "wear [Ingram] out" referring to sexual activity; asking Ingram to stay around him because he was lonely; and discussing Ingram's personal sexual activity. Defendant's president/owner also told Ingram sexually oriented jokes. The president/owner made these types of sexual comments and/or told sexually oriented jokes to Ingram on a daily basis. In addition, the president/owner also touched Ingram in a sexual manner, including brushing against her arm and breasts; attempting to put a snowball down the front of her shirt; attempting to kiss Ingram and hold her hand; demanding that Ingram rub his shoulders during which time he made moaning sounds; attempting to and actually putting his hands under Ingram's shirt to rub her back and/or stomach. This type of sexual touching occurred on average, at least once per week. The president/owner's sexual conduct and comments toward Ingram were therefore severe or pervasive, and were offensive to Ingram. Moreover, Ingram did not invite or otherwise welcome the sexual comments or sexual conduct. Around December 2005, Ingram complained to Defendant's office manager about the sexual comments and sexual conduct she was being subjected to by the president/owner, and Defendant otherwise knew or reasonably should have known about the sexual harassment that Ingram was being subjected to. Despite her complaint, Defendant failed to take prompt or effective action to end the sexual harassment. Defendant's president/owner had direct supervisory authority over Ingram.

  b. From around March 2006 until at least January 2007, the same male

president/owner who subjected Ingram to unwelcome sexual comments and conduct, subjected similarly situated female employees of Defendant to unwelcome sexual touching and sexual comments. For example, said president/owner made sexual comments to or touched at least one other female employee in a sexual manner on a daily basis. Said comments included requests to see the employee's breasts; comments about pubic hair; offers of money ($100) in exchange for showing her breasts; telling the employee that he loved her hair and skin; and telling sexual jokes. In addition, the president/owner attempted to put a $20 bill down the female employee's shirt and would often brush up against said female employee as well as other female employees, or block their way so that they would have to brush against him to get by. Defendant's female employees were offended by the sexual comments and sexual conduct perpetrated by Defendant's president/owner, and did not invite or otherwise welcome it. The harassment was severe or pervasive because it occurred on a daily basis, and because at least one of the victims was around 22 years old at the time of the harassment, and the president/owner was in his sixties, which created an atmosphere of intimidation for the 22-year-old victim. The harassment of Defendant's female employees continued even after Defendant received the charge of discrimination filed by Ingram. Thus, knowing that Defendant's president/owner was creating a sexually hostile work environment for Defendant's female employees, Defendant failed to take prompt and effective corrective action to end it.

8. On or about February 2, 2006, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by discharging

Monique Ingram in retaliation for engaging in a protected activity. Specifically, in December 2005 and/or January 2006, Ingram complained about the sexual harassment described above to Defendant's Office Manager, who is also the daughter of Defendant's president/owner. The Office Manager then informed her mother, who was at that time, the wife of Defendant's president/owner and who served as an officer and manager for Defendant. The president/owner's wife notified the president/owner of Ingram's sexual harassment complaint. Within a few weeks or less of Ingram's complaint about the sexual harassment, the wife of the president/owner fired Ingram, allegedly for absenteeism.

9. The effect of the practices complained of in paragraph 7 above has been to deprive Monique Ingram and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees based on their sex.

10. The effect of the practice complained in paragraph 8 above has been to deprive Monique Ingram of equal employment opportunities and otherwise adversely affected her status as an employee because she engaged in a protected activity under Title VII.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Monique Ingram and other similarly situated females.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex.

  B. Order Defendant to enforce its sexual harassment policy, thus providing protection to women and enabling women to seek equal employment opportunities.

  C. Order Defendant to make whole Monique Ingram, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, asserted in paragraph 8 above, including but not limited to reinstatement into her former position with Defendant.

  D. Order Defendant to make whole Monique Ingram and other similarly situated female employees by providing appropriate compensatory damages, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices asserted in paragraphs 7 and 8 above.

  E. Order Defendant to make whole Monique Ingram and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above in amounts to be determined at trial.

  F. Order Defendant to make whole Monique Ingram and the other similarly situated female employees by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above including past and future emotional pain and suffering, humiliation, embarrassment, anxiety, inconvenience, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

  G. Order Defendant to pay Monique Ingram and the other similarly situated female

employees punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper.

    I.    Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised in the complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street N.E.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, North Carolina
(704) 344-6682
(704) 344-6780 facsimile
Lynette.Barnes@eeoc.gov

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 M Street N.E., Suite 4NW02F
Washington, D.C. 20507
(202) 419-0711
(202) 419-0701 facsimile
Tracy.Spicer@eeoc.gov

s/ Suzanne L. Nyfeler
SUZANNE L. NYFELER
Virginia State Bar No. 40450
Senior Trial Attorney
830 East MainStreet, Suite 600
Richmond, Virginia
(804)771-2215
(804) 771-2222 facsimile
Suzanne.Nyfeler@eeoc.gov